UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER RANDALL, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 09cv11273-NG |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
|       Defendant. ) | |

GERTNER, D.J.

## MEMORANDUM AND ORDER RE: MOTION TO RECONSIDER
July 5, 2011

Christopher Randall ("Randall") appealed the Social Security Administration's ("SSA") denial of Social Security Disability Insurance ("SSDI"). On February 15, 2011, this Court granted the appeal and remanded to the Administrative Law Judge ("ALJ") for further proceedings. See Mem. & Order (document #18). The Commissioner of Social Security Administration ("Commissioner") now moves for reconsideration. See Def. Mot. Recons. (document #21).

The issue in this case concerned whether the ALJ improperly rejected the opinion of the treating therapist, Stephen Price, Ph.D. ("Dr. Price"), a licensed medical health counselor and a licensed alcohol and drug counselor. Dr. Price, the plaintiff's longtime treating counselor, had opined that alcohol use was not a material factor affecting the plaintiff's disability. In contrast, agency experts -- such as Stanley Rusnak, Ed.D. ("Rusnak"), a psychological consultative examiner, and Charles Lawrence, M.D. ("Dr. Lawrence"), the agency psychologist who provided a mental impairment assessment without ever examining the plaintiff -- opined that alcohol was

a material factor to the plaintiff's disability. The ALJ rejected Dr. Price's opinion in favor of those of Dr. Rusnak and Dr. Lawrence, and eventually determined that the plaintiff was not eligible for benefits. On appeal, Randall claimed that it was error for the ALJ to reject Dr. Price's opinion.

In the Memorandum and Order issued on February 15, 2011, the Court agreed, relying on part of 20 C.F.R. § 404.1513(a)(2). Mem. & Order at 16. The Court determined that Dr. Price was one of the "other licensed or certified individuals with other titles who perform the same function as school psychologists in a school setting" and thus qualified as an acceptable medical source. The Court held that the ALJ had erred by not affording Dr. Price the weight of an acceptable medical source and treating practitioner and remanded to the ALJ for further proceedings.

Upon reconsideration, the Commissioner points out that read in its entirety, 20 C.F.R. § 404.1513(a) provides that only licensed or certified *psychologists* are acceptable medical sources:

> Acceptable medical sources are--
> . . .
> (2) Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting, for purposes of establishing mental retardation, learning disabilities, and borderline intellectual functioning only.

Because Dr. Price is not a psychologist, the Court recognizes that its decision was in error; Dr. Price is not an acceptable medical source. And thus the ALJ had discretion to determine what weight to afford Dr. Price's opinion.

Accordingly, the Commissioner's Motion for Reconsideration (document #20) is GRANTED. The ALJ's decision denying benefits is AFFIRMED.

**SO ORDERED.**

Date:  July 5, 2011            <u>*/s/ Nancy Gertner*</u>
                               **NANCY GERTNER, U.S.D.J.**